**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| JEFFREY A. SQUIRES, | ) | CASE NO. 1:22-CV-02271-JJH |
| | ) | |
| Petitioner, | ) | JUDGE JEFFREY J. HELMICK |
| | ) | UNITED STATES DISTRICT JUDGE |
| v. | ) | |
| | ) | MAGISTRATE JUDGE |
| KENNETH BLACK, Warden, | ) | JENNIFER DOWDELL |
| | ) | ARMSTRONG |
| | ) | |
| Respondent. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| | ) | |

## I.      INTRODUCTION

Petitioner, Jeffrey A. Squires ("Mr. Squires") filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254. (ECF No. 1). This matter was referred to me on February 15, 2023, under Local Rule 72.2 to prepare a report and recommendation on Mr. Squires' petition and other case-dispositive motions. (*See* ECF non-document entry dated February 15, 2023).

Currently before me is the motion of respondent, Warden Kenneth Black ("Warden"), to dismiss Mr. Squires' petition as barred by the applicable one-year statute of limitations. For the reasons set forth below, I recommend that the Court GRANT the Warden's motion and DISMISS Mr. Squires' petition as time-barred. I further recommend that the Court not grant Mr. Squires a certificate of appealability.

## II.     RELEVANT PROCEDURAL BACKGROUND

### A.  State Court Proceedings

On July 10, 2018, Mr. Squires was indicted in the Cuyahoga County Court of Common Pleas on: (1) eight first-degree counts of rape in violation of R.C. § 2907.02(A)(1)(c); (2) two first-

1

degree counts of rape in violation of R.C. § 2907.02(A)(1)(a); and (3) two fourth-degree counts of gross sexual imposition in violation of R.C. § 2905.02(A)(5). (ECF No. 8-1, Exhibit 1). On July 25, 2018, Mr. Squires pled not guilty to all charges. (ECF No. 8-1, Exhibit 2).

On November 16, 2018, at the request of the prosecution, the trial court amended Counts One, Seven, and Ten from rape to third-degree sexual battery in violation of R.C. § 2907.03(A)(2). (ECF No. 8-1, Exhibit 3). On the same day, Mr. Squires pled guilty to those three counts. *Id*. The remaining counts were nolled. *Id*. On December 4, 2018, the trial court sentenced Mr. Squires to a term of 48 months on each count. (ECF No. 8-1, Exhibit 4). The trial court also ordered that Mr. Squires would serve his sentence on each count consecutively, for a total sentence of 144 months in prison. *Id*.

On January 4, 2019, Mr. Squires, through counsel, filed a notice of appeal to the Eighth District Court of Appeals, arguing that the trial court erred in ordering that his sentences would run consecutively. (ECF No. 8-1, Exhibits 5-6). On November 14, 2019, the Eighth Appellate District vacated Mr. Squires' sentence and remanded the case for resentencing, holding that the trial court failed to make the requisite findings before imposing consecutive sentences. (ECF No. 8-1, Exhibit 8).

On February 11, 2020, the trial court held another sentencing hearing. (ECF No. 8-1, Exhibit 9). The trial court again sentenced Mr. Squires to 48 months in prison on each count and again ordered that Mr. Squires would serve each sentence consecutively, for a total term of 144 months in prison. *Id*.

On March 12, 2020, Mr. Squires, through counsel, filed a notice of appeal to the Eighth Appellate District. (ECF No. 8-1, Exhibit 10). On September 11, 2020, the Eighth Appellate District *sua sponte* dismissed Mr. Squires' appeal for failure to file a praecipe in accordance with the applicable local rules. (ECF No. 8-1, Exhibit 11). On October 27, 2020, Mr. Squires filed

another notice of appeal, along with a motion for a delayed appeal. (ECF No. 8-1, Exhibits 12-13). On November 4, 2020, the Eighth Appellate District granted Mr. Squires' motion for a delayed appeal. (ECF No. 8-1, Exhibit 14).

On March 12, 2021, the Eighth Appellate District *sua sponte* issued an order remanding the case to the trial court to correct a clerical error regarding the length of Mr. Squires' sentence *nunc pro tunc*. (ECF No. 8-1, Exhibit 17). On March 29, 2021, the trial court entered an order correcting the clerical error. (ECF No. 8-1, Exhibit 18). On June 17, 2021, the Eighth Appellate District affirmed the trial court's judgment, but remanded the case to the trial court to correct another clerical error in the sentencing journal entry, as the entry erroneously stated that Mr. Squires' sentence was 48 months, rather than 144 months. (ECF No. 8-1, Exhibits 18-19). On June 23, 2021, the trial court issued an order correcting the sentencing entry in accordance with the Eighth Appellate District's order. (ECF No. 8-1, Exhibit 20). Mr. Squires did not appeal the Eighth Appellate District's decision affirming the trial court's judgment to the Ohio Supreme Court.

On August 9, 2022, Mr. Squires, acting *pro se*, filed a motion for a delayed writ of habeas corpus in the Ohio Supreme Court. (ECF No. 8-1, Exhibit 21). On September 27, 2022, the Ohio Supreme Court dismissed Mr. Squires' motion for a delayed writ of habeas corpus. (ECF No. 8-1, Exhibit 23). Also on August 9, 2022, Mr. Squires, acting *pro se*, filed a petition for a writ of mandamus in the Ohio Supreme Court. (ECF No. 8-1, Exhibit 24). The Ohio Supreme Court dismissed Mr. Squires' petition for a writ of mandamus on October 19, 2022. (ECF No. 8-1, Exhibit 28).

### B. Federal Habeas Proceedings

On December 1, 2022, Mr. Squires, acting *pro se*, filed his 28 U.S.C. § 2254 habeas petition. (ECF No. 1). Mr. Squires' habeas petition raises five grounds for relief:

1. Constitutional rights violated, Petitioner wrongfully charged and convicted.

2. Trial Court erred by imposing consecutive sentences.

3. 8th District Court of Appeals ruled in favor of Petitioner & Trial Court did not correct their error.

4. Appellate Court ruled against their previous issue.

5. Petitioner's Constitutional and 6th Amendment Rights were violated as his Counsel was Ineffective.

*Id*.

On May 22, 2023, the Warden filed the present motion to dismiss Mr. Squires' petition as time-barred. (ECF No. 8). On June 16, 2023, Mr. Squires filed a motion to strike the Warden's motion to dismiss (ECF No. 9), which I denied on September 7, 2023. (*See* ECF non-document entry dated September 7, 2023). Mr. Squires filed a response to the Warden's motion on September 20, 2023. (ECF No. 16). The Warden filed a reply in support of his motion on September 22, 2023. (ECF No. 17).[1]

## III.   ANALYSIS

The Antiterrorism and Effective Death Penalty Act, Pub. L. No. 104-132, 110 Stat. 1214 (1996) ("AEDPA"), imposes a one-year statute of limitations upon all applications seeking a writ of habeas corpus. See 28 U.S.C. § 2244(d)(1). Although the statute of limitations is "not jurisdictional," it "effectively bars relief absent a showing that the petitioner's untimeliness should be excused based on equitable tolling and actual innocence." *Akrawi v. Booker*, 572 F.3d 252, 260 (6th Cir. 2009). The one-year limitations period begins to run from the latest of four dates:

(A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

---

[1] Mr. Squires' response is labeled as a reply, while the Warden's reply is labeled as a sur-reply.

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Cases become final for purposes of § 2244(d)(1)(A) when the time to file a direct appeal has expired, including the time to file a petition for a writ of certiorari to the United States Supreme Court. *See Lawrence v. Florida*, 549 U.S. 327, 333 (2007). Here, the Eighth Appellate District affirmed Mr. Squires' sentence on June 17, 2021. (ECF No. 8-1, Exhibit 19). Under Ohio Supreme Court Practice Rule 7.01(A)(1)(a)(i), Mr. Squires had 45 days from the date of that decision, or until August 2, 2021, to file an appeal to the Ohio Supreme Court. Mr. Squires did not file a notice of appeal, so the one-year AEDPA statute of limitations began running the next day, August 3, 2021. *See Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012) (holding that conviction becomes final for purposes of § 2244(d)(1)(A) when deadline to appeal to state supreme court expires). Mr. Squires thus had until August 3, 2022 to file his habeas petition. However, he did not file his petition until December 1, 2022, nearly four months later. (ECF No. 1). Accordingly, Mr. Squires' habeas petition is untimely unless some form of tolling applies.[2]

§ 2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). Accordingly, "[t]he one-year period of limitations is tolled" while a properly filed application state post-conviction or other collateral review is pending. *Keeling v. Warden,*

---

[2] As noted above, the Eighth Appellate District remanded the case to the trial court on June 17, 2023 for entry of a *nunc pro tunc* order to correct a clerical error regarding the length of Mr. Squires' sentence, which the trial court entered on June 23, 2023. (ECF No. 8-1, Exhibits 19-20). Mr. Squires has not argued that the trial court's order correcting his sentence altered the applicable statute of limitations. Even if he had made such an argument, the Sixth Circuit has held that a *nunc pro tunc* order does not restart the AEDPA statute of limitations clock where, as here, the order "merely correct[s] a record to accurately reflect the court's actions." *Crangle v. Kelly*, 838 F.3d 673, 680 (6th Cir. 2016). Regardless, Mr. Squires did not file a notice of appeal from the trial court's *nunc pro tunc* order, and his deadline to do so expired on July 24, 2023, prior to the expiration of his deadline to appeal the Eighth Appellate District's decision to the Ohio Supreme Court. Thus, even if the *nunc pro tunc* order restarted the AEDPA statute of limitations clock, it does not change the statute of limitations calculation in this case.

*Lebanon Corr. Inst.*, 673 F.3d 452, 459 (6th Cir. 2012) (quoting 28 U.S.C. § 2244(d)(2)).

Mr. Squires filed a delayed motion for habeas relief and a petition for a writ of mandamus in the Ohio Supreme Court on August 9, 2022. Those filings cannot serve to toll the AEDPA statute of limitations, however, as it is well-settled that statutory tolling under § 2244(d)(2) "does not . . . 'revive' the limitations period (i.e., restart the clock at zero); it can only serve to pause a clock that has not yet fully run." *Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003) (quotation omitted); *see also Keeling*, 673 F.3d at 462 ("Because the one year statute of limitations period had already expired when Keeling filed the motion, statutory tolling does not apply."). Mr. Squires did not file his state court habeas petition or his petition for a writ of mandamus until August 9, 2023, six days after the one-year statute of limitations under AEDPA had already expired. Mr. Squires is thus not entitled to statutory tolling under § 2244(d)(2).

That determination does not end the analysis. Because AEDPA's one-year statute of limitations is not jurisdictional, a court may still entertain an untimely petition if the petitioner is entitled to equitable tolling. *See Holland v. Florida*, 560 U.S. 631, 645 (2010). If a petitioner seeks equitable tolling, he must show that: (1) he pursued his rights diligently, and (2) some extraordinary circumstance stood in his way and prevented timely filing. *See Robertson v. Simpson*, 624 F.3d 781, 784 (6th Cir. 2010) (citing *Holland*, 560 U.S. at 649); *Keeling*, 673 F.3d at 462. "Equitable tolling is granted sparingly and is evaluated on a case-by-case basis, with the petitioner retaining the 'ultimate burden of persuading the court that he or she is entitled to equitable tolling.'" *Keeling*, 673 F.3d at 462 (quoting *Ata v. Scutt*, 662 F.3d 736, 741 (6th Cir. 2011)).

Mr. Squires argues that he is entitled to equitable tolling because Richland Correctional Institution, his place of incarceration, imposed restrictions during the COVID-19 pandemic that prevented him from filing his petition within AEDPA's one-year statute of limitations. "Courts

have concluded that the COVID-19 pandemic 'could—in certain circumstances—conceivably warrant equitable tolling . . . .'" *United States v. West*, 578 F. Supp. 3d 962, 966 (N.D. Ohio 2022) (quoting *United States v. Horo*, No. 8:18-cr-66, 2020 WL 5653520, at *4 (D. Neb. Sept. 23, 2020)). However, courts have not been receptive to "bare COVID-based equitable tolling arguments." *Little v. Sheldon*, No. 3:20-cv-02527-BYP, 2023 WL 2666116, at *6 (N.D. Ohio Mar. 6, 2023), *report and recommendation adopted*, 2023 WL 2664291 (citing cases). Rather, a petitioner claiming equitable tolling based on the COVID-19 pandemic must show that the petitioner has been "pursuing their rights diligently and would have timely filed if not for external obstacles caused by COVID-19." *West*, 578 F. Supp. 3d at 966; *see also Pryor v. Erdos*, No. 5:20cv2863, 2021 WL 4245038, at *9 (N.D. Ohio Sept. 17, 2021) ("a petitioner seeking tolling on such a basis must still demonstrate fact-specific circumstances related to the pandemic that hindered his ability to timely file a habeas petition").

Mr. Squires has not made the necessary showing here. He asserts that he was "hindered from filing his Petition due to the Richland Correctional Institution's limited movement and activity to the law library in preparation of preparing such a petition." (ECF No. 16, PageID # 319). In particular, he asserts that he was dependent on the law clerk for assistance in preparing his petition, and that the law clerk was not available because the housing units at Richland Correctional Institution were not permitted to intermingle for the duration of the COVID-19 pandemic. *Id*. He also asserts that, during the pandemic, he was limited to one hour in the law library every other day, and that there were "times where the law library did not have activity for weeks and months at a time due to the wide spread of the virus within the institution." *Id*.

"Generally speaking, a prisoner's . . . limited access to the prison's law library or to legal materials do[es] not justify equitable tolling." *Meneese v. Boyd*, No. 3:22-cv-00397, 2022 WL 16984488, at *2 (M.D. Tenn. Nov. 16, 2022) (citing *Hall v. Warden, Lebanon Corr. Inst*., 662

F.3d 745, 750-51 (6th Cir. 2011)). Courts have thus repeatedly rejected arguments that a petitioner is entitled to equitable tolling where the petitioner asserts generally that the COVID-19 pandemic resulted in lockdowns or restrictions that limited the petitioner's access to the prison law library or other legal materials. *See West*, 578 F. Supp. 3d at 967 (holding that assertions that COVID-19 pandemic resulted in lockdown that prevented access to law library constituted "vague and generalized contentions [that] do not begin to demonstrate that the impact of the COVID-19 pandemic interfered with his ability to file"); *Little*, 2023 WL 2666116 at *7 (holding that allegations that lockdown denied petitioner access to law library and legal material constituted "the sort of bare-bones argument that courts have rejected because the argument does not show that the pandemic specifically prevented [the petitioner] from filing his petition") (internal quotations omitted); *Pryor*, 2021 WL 4245038 at *9 ("While Pryor complains generally that Covid prevented him from having access to other, unidentified legal materials, he fails to sufficiently explain what additional materials he needed or why lack of access to those materials actually prevented him from timely filing his petition."); *Frelix v. Perry*, No. 3:22-CV-00178, 2023 WL 2252960, at *4 (M.D. Tenn. June 22, 2022) ("Petitioner does not explain how the COVID-19 related prison lockdowns or quarantines impeded his ability to timely file the instant petition").

Those cases apply fully here. Mr. Squires asserts that his access to the law library and the law clerk were limited during the pandemic but has not adequately demonstrated that prison restrictions prevented him from timely filing his habeas petition with the exercise of due diligence. As Mr. Squires concedes, the prison permitted prisoners to have one hour of access to the law library approximately every other day during the pandemic. Mr. Squires has not explained why that time in the law library was insufficient for him to prepare his petition. Despite his assertions that he lacks legal knowledge, Mr. Squires similarly has not shown that it was impossible for him to timely file his petition without the assistance of the law clerk. And, while Mr. Squires asserts

that the law library was inaccessible for weeks and months at a time during the pandemic, he has not provided any information regarding when those periods of unavailability occurred and whether any occurred during the relevant statute of limitations period.

Moreover, Mr. Squires has not established that the restrictions at Richland Correctional Facility persisted through the entirety of the one-year statute of limitations period. He argues that "the only time [he] was or has been tardy in this instant action is when he was arguing his actions during the pandemic of the Co-Vid of 2019-2021." (ECF No. 16, PageID # 312). As the Warden notes, however, Mr. Squires had from August 3, 2021 to August 3, 2022 to file his habeas petition. He has provided no information regarding when restrictions on law library access were lifted at Richland Correctional Institution and whether those restrictions remained in effect through August 2022. Mr. Squires has not met his burden of establishing that he could not have filed his petition before August 3, 2022 with the exercise of due diligence, and is therefore not entitled to equitable tolling. Accordingly, I recommend that the Court dismiss Mr. Squires' habeas petition as barred by AEDPA's one-year statute of limitations.[3]

## IV.    RECOMMENDATION REGARDING CERTIFICATE OF APPEALABILITY

As amended by AEDPA, 28 U.S.C. § 2253(c)(1) provides that a petitioner may not appeal a denial of an application for a writ of habeas corpus unless a judge issues a certificate of appealability. The statute further provides that "[a] certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

Although the statute does not define what constitutes a "substantial showing" of a denial of a constitutional right, the burden on the petitioner is obviously less than the burden for

---

[3] There is also an exception to the one-year limitations period when a petitioner makes a "convincing showing of actual innocence." *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). Mr. Squires does not argue that his petition is timely under this exception.

establishing entitlement to the writ; otherwise, a certificate could never issue. Rather, the courts that have considered the issue have concluded that "[a] 'substantial showing' requires the applicant to 'demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues (in a different manner); or that the questions are adequate to deserve encouragement to proceed further.'" *Hicks v. Johnson*, 186 F.3d 634, 636 (5th Cir. 1999) (quoting *Drinkard v. Johnson*, 97 F.3d 751, 755 (5th Cir. 1996)). The statute requires that certificates of appealability specify which issues are appealable. 28 U.S.C. § 2253(c)(3).

Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254, provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), 28 U.S.C. foll. § 2254. "If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." *Id.*; see also 28 U.S.C. § 2253(c)(3) ("The certificate of appealability under [§ 2253(c)(1)] shall indicate which specific issue or issues satisfy the showing required by [§ 2253(c)(2)]."). In light of the Rule 11 requirement that the court either grant or deny the certificate of appealability at the time of its final adverse order, a recommendation regarding the certificate of appealability issue is included here.

**A. <u>Analysis</u>**

Mr. Squires has not made a substantial showing of a denial of a constitutional right for the reasons set forth above. Because jurists of reason would not find these conclusions debatable, I recommend that no certificate of appealability issue in this case.

**V.    RECOMMENDATION**

Based on the foregoing, I RECOMMEND that the Court GRANT the Warden's motion and DISMISS Mr. Squires' petition for a writ of habeas corpus under 28 U.S.C. § 2254 as time-barred. I also recommend that the Court not grant him a certificate of appealability.

Dated: <u>December 19, 2023</u>

<u>*s/ Jennifer Dowdell Armstrong*</u>
Jennifer Dowdell Armstrong
U.S. Magistrate Judge


**NOTICE TO PARTIES REGARDING OBJECTIONS**

Local Rule 72.3(b) of this Court provides:

**Any party may object to a Magistrate Judge's proposed findings, recommendations or report made pursuant to Fed. R. Civ. P. 72(b) within fourteen (14) days after being served with a copy thereof, and failure to file timely objections within the fourteen (14) day period shall constitute a waiver of subsequent review, absent a showing of good cause for such failure**. Such party shall file with the Clerk of Court, and serve on the Magistrate Judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations, or report to which objection is made and the basis for such objections. **Any party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.** The District Judge to whom the case was assigned shall make a <u>de novo</u> determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. The District Judge need conduct a new hearing only in such District Judge's discretion or where required by law, and may consider the record developed before the Magistrate Judge, making a determination on the basis of the record. The District Judge may also receive further evidence, recall witnesses or recommit the matter to the Magistrate Judge with instructions.

*Id.* (emphasis added).

Failure to file objections within the specified time may result in the forfeiture or waiver of the right to raise the issue on appeal either to the district judge or in a subsequent appeal to the United States Court of Appeals, depending on how or whether the party responds to the report and recommendation. *Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019). Objections must be specific and not merely indicate a general objection to the entirety of the report and recommendation; a general objection has the same effect as would a failure to object. *Howard v.*

*Sec'y of Health and Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).

Stated differently, objections should focus on specific concerns and not merely restate the arguments in briefs submitted to the magistrate judge. "A reexamination of the exact same argument that was presented to the Magistrate Judge without specific objections 'wastes judicial resources rather than saving them, and runs contrary to the purpose of the Magistrates Act.'" *Overholt v. Green*, No. 1:17-CV-00186, 2018 WL 3018175, *2 (W.D. Ky. June 15, 2018) (quoting *Howard*). The failure to assert specific objections may in rare cases be excused in the interest of justice. *See United States v. Wandahsega*, 924 F.3d 868, 878-79 (6th Cir. 2019).