UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Jeffrey A. Squires,                                                Case No. 1:22-cv-2271

           Petitioner,

v.                                                                              MEMORANDUM OPINION
                                                                 AND ORDER

Kenneth Black, Warden,

           Respondent.

## I.  INTRODUCTION

Petitioner Jeffrey A. Squires filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254, concerning his conviction in the Cuyahoga County, Ohio Court of Common Pleas on charges of sexual battery.  (Doc. No. 1).  Respondent moved to dismiss the petition as barred by the statute of limitations.  (Doc. No. 8).  Magistrate Judge Jennifer Dowdell Armstrong reviewed the petition as well as the related briefing pursuant to Local Rule 72.2(b)(2) and recommends I grant the motion and dismiss the petition.  (Doc. No. 18).  Squires filed objections to Judge Armstrong's Report and Recommendation.  (Doc. No. 21).  For the reasons stated below, I overrule Squires' objections and adopt Judge Armstrong's Report and Recommendation.

## II.  BACKGROUND

Squires does not object to Judge Armstrong's description of the factual and procedural background of his state court proceedings.  Therefore, I adopt those sections of the Report and Recommendation in full.  (Doc. No. 18 at 1-3).

Squires pled guilty to three counts of sexual battery in violation of Ohio Revised Code § 2907.03(A)(2) on November 16, 2018. He subsequently was sentenced to serve consecutive 48-month prison terms on each count. Squires appealed, and the Ohio Court of Appeals for the Eighth District remanded the case with instructions regarding certain findings required by Ohio law before a court may impose consecutive sentences. The trial court entered a new sentencing order on February 11, 2020, and Squires again appealed. The Eighth District Court of Appeals again remanded the case, this time due to a clerical error in the judgment entry. The third sentencing error contained another clerical error, leading to another appeal and another remand. Finally, on June 23, 2021, the trial court issued a corrected sentencing order.

Squires did not appeal at that time, though he subsequently filed a motion for a delayed writ of habeas corpus with the Supreme Court of Ohio on August 9, 2022. The Supreme Court of Ohio denied that motion. On December 1, 2022, Squires filed his habeas petition.

### III. STANDARD

Once a magistrate judge has filed a report and recommendation, a party to the litigation may "serve and file written objections" to the magistrate judge's proposed findings and recommendations, within 14 days of being served with a copy. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(2). Written objections "provide the district court 'with the opportunity to consider the specific contentions of the parties and to correct any errors immediately' . . . [and] 'to focus attention on those issues – factual and legal – that are at the heart of the parties' dispute.'" *Kelly v. Withrow*, 25 F.3d 363, 365 (6th Cir. 1994) (quoting *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981) and *Thomas v. Arn*, 474 U.S. 140, 147 (1985)). A district court must conduct a *de novo* review only of the portions of the magistrate judge's findings and recommendations to which a party has made a specific objection. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3).

### IV. DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") prohibits the issuance of a writ of habeas corpus "with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."

28 U.S.C. § 2254(d). "The prisoner bears the burden of rebutting the state court's factual findings 'by clear and convincing evidence.'" *Burt v. Titlow*, 571 U.S. 12, 18 (2013) (quoting 28 U.S.C. § 2254(e)(1)).

Habeas petitions filed pursuant to § 2254 must be filed within one year of the date on which the state court judgment became final. 28 U.S.C. § 2244(d)(1)(A).

Judge Armstrong concluded the period in which Squires was required to file an appeal of his final sentencing order expired on August 2, 2021, and therefore Squires was required to file his habeas petition on or before August 3, 2022. (Doc. No. 18 at 5). He did not file his petition until December 1, 2022, nearly four months after the deadline passed. (*Id.*).

Squires implicitly concedes his petition was filed after the statutory deadline but contends his petition should not be dismissed as time barred because he "was misled by his previous appellate counsel not telling Squires he could further appeal his case." (Doc. No. 21 at 16). But even if I were to assume appellate counsel did not tell Squires he could appeal his sentence to the Supreme Court of Ohio, that does not explain why Squires did not file his federal habeas petition sooner. That is, Squires' alleged belief that he had no further state court remedies once the Eighth District Court of Appeals affirmed the trial court's sentencing entry in June 2021 did not in any way prevent

3

him from filing a timely habeas corpus petition in federal court. Therefore, I overrule this objection and conclude Squires' petition is barred by the one-year statute of limitations found in § 2244(d).

A habeas corpus petitioner is not entitled to a certificate of appealability as a matter of right but must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The petitioner need not demonstrate he should prevail on the merits. Rather, a petitioner must demonstrate "that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003); *see also Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). For the reasons set forth in this decision, I certify there is no basis on which to issue a certificate of appealability. 28 U.S.C. § 2253; Fed. R. App. P. 22(b).

### V. CONCLUSION

For the reasons stated above, I overrule Squires' objections, (Doc. No. 21), to Judge Armstrong's Report and Recommendation, (Doc. No. 18), and adopt the Report and Recommendation in full. I dismiss the petition as time barred. I also decline to issue a certificate of appealability.

So Ordered.

                                                s/ Jeffrey J. Helmick
                                                United States District Judge